**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE ) | |
| TRUST FUND, an Employee Benefit Plan, ) | |
| ROBERT KINTZ, FRED KERN, PEGGY ) | |
| MCGRATH, GARY COSSARINI, LANITA ) | |
| MILLER, and ROBIN NORRIS, Trustees of ) | |
| Local 682 Health and Welfare Trust Fund, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:12-CV-1328 CAS |
| v. ) | |
| ) | |
| KIRKWOOD EXCAVATING, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFAULT JUDGMENT**

This matter is before the Court on plaintiffs' Motion For Default Judgment.  Plaintiffs brought this action against Kirkwood Excavating, Inc. under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, §1145, seeking a judgment against Kirkwood Excavating, Inc. for delinquent contributions, interest, attorney's fees and costs pursuant to the Collective Bargaining Agreement ("CBA") and Trust Agreement between Teamsters Local Union Local No. 682 ("Union") and Kirkwood Excavating, Inc..

Defendant Kirkwood Excavating, Inc. was served with copies of the Summons and Complaint on July 31, 2012.  On October 3, 2012, the Clerk of Court entered default against defendant Kirkwood Excavating, Inc., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Thereafter, plaintiffs filed a motion for entry of default judgment, with a memorandum in support and supporting affidavits.

1

## *I. Discussion*

Default judgments are not favored in the law, <u>United States ex rel. Time Equipment Rental and Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary.  <u>See</u> <u>Taylor v. City of Ballwin, Mo.</u>, 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" <u>Comiskey v. JFTJ Corp.</u>, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits.  <u>Oberstar v. F.D.I.C.</u>, 987 F.2d 494, 504 (8th Cir. 1993).  Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." <u>Taylor</u>, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 55.31[1] (3d ed. 2008); <u>Taylor</u>, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 <u>Moore's Federal Practice</u> § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." <u>Angelo Iafrate Constr., LLC v. Potashnick Constr.</u>, Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing <u>Taylor</u>, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." <u>Brown v. Kenron Aluminum & Glass Corp.</u>, 477 F.2d 526,

531 (8th Cir. 1973).  If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

Here, the Court takes the allegations plaintiffs made in their complaint as true, except for those allegations as to the amount of damages. Plaintiff Local 682 Health and Welfare Trust Fund, (hereinafter "Fund") is an employee benefit plan within the meaning of Sections 3(1), (2), (3), (21), 502 and 515 of ERISA, as amended, 29 U.S.C. § 1002(1), (2), (3), (21), 1132 and 1145.  Plaintiffs Robert Kintz, Fred Kern, Peggy McGrath, Gary Cossarini, LaNita Miller and Robin Norris (hereinafter "Trustees"), are the duly designated and acting Trustees of the Fund, and are fiduciaries within the meaning of Sections 3 (21) (A) and 502 of ERISA, as amended, 29 U.S.C. § 1002(21)(A) and 1132.  Defendant, Kirkwood Excavating, Inc. was an employer and party in interest in an industry affecting commerce within the meanings of Section 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. § 1002(5), (11), (12), and 1145. Defendant employs individuals who are members of, and represented by the Union and has agreed to provide participation in the Fund, so as to provide for benefits for employees of defendant.

Defendant Kirkwood Excavating, Inc. was signatory to and bound by a CBA with the Union. The CBA bound Kirkwood Excavating to submit monthly contributions to the Fund at the rate and manner specified in the CBA and Trust Agreement.  Pursuant to the terms of the CBA and Trust Agreement, plaintiffs engaged an accounting firm to examine defendant's payroll records.  The audit revealed defendant was delinquent in its contributions to the Fund in the amount of Seventeen Thousand Nine Hundred Sixteen Dollars and Thirty-Six Cents ($17,916.36) for the period from April 1, 2008 through May 31, 2011.

3

On or about March 30, 2012, defendant entered into a Payment and Installment Agreement, which provided for payment of the delinquent sums in the amount of Seventeen Thousand Nine Hundred Sixteen Dollars and Thirty-Six Cents ($17,916.36), plus nine percent (9%) interest for a total due and owing over eighteen (18) monthly installments of Nineteen Thousand Five Hundred Twenty-Eight Dollars and Eighty-Three Cents ($19,528.83).  On or about April 11, 2012, defendant made its April installment payment.  However, despite repeated attempts to contact defendant, it has failed and refused to make any additional payments per the Payment and Installment Agreement and remains delinquent to the Fund in the amount of Seventeen Thousand Three Hundred Fifty-Eight Dollars and Ninety-Five Cents ($17,358.95).

Under the facts as alleged in the complaint, the Court finds plaintiffs are entitled to default judgment against Kirkwood Excavating, Inc. under ERISA.  Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Landy Packing Co. v. Meatcutters, 471 F.Supp. 1218 (D.Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980).

## II.  Damages and Fees

Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (a) the unpaid contributions; (b) interest on the unpaid contributions (c) an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

In their motion for default judgment, plaintiffs seek: Seventeen Thousand Nine Hundred Sixteen Dollars and Thirty-Six Cents ($17,916.36) for contributions due; One Thousand Six Hundred Twelve Dollars and Forty-Seven Cents ($1,612.47) for interest; and One Thousand Six Hundred Twelve Dollars and Forty-Seven Cents ($1,612.47) for interest for interest in lieu of liquidated damages pursuant to 29 U.S.C. § 1132 (g)(2), for a total of Twenty-One Thousand One Hundred Forty-One Dollars and Thirty Cents ($21,141.30).  Plaintiffs filed affidavits and exhibits in support of their damages requests. The Court has reviewed the affidavits and exhibits and finds that they support plaintiffs' claim for damages.  29 U.S.C. § 1132(g)(2).

Plaintiffs are also entitled to their attorney's fees and costs. § 1132(g)(2).  Plaintiffs have provided documentation to show that they incurred Two Thousand One Dollar ($2,001.00) for attorney's fees and costs in the amount of Four Hundred Fifty-Four Dollars and Eighty-Five Cents ($454.85), for a total of Two Thousand Four Hundred Fifty-Five Dollars and Eighty-Five Cents ($2,455.85). Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorney were reasonable and necessary to the litigation of this case, that the rates charged and the amount sought for attorney's fees are reasonable.  The Court also finds plaintiffs are entitled to their costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED.** [Doc. 5].

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiffs and against defendant Kirkwood Excavating, Inc. in the amount of Seventeen Thousand Nine Hundred Sixteen Dollars and Thirty-Six Cents ($17,916.36) for contributions due, One Thousand Six Hundred Twelve Dollars and Forty-Seven Cents ($1,612.47) for interest, One

Thousand Six Hundred Twelve Dollars and Forty-Seven Cents ($1,612.47) for interest for interest in lieu of liquidated damages pursuant to 29 U.S.C. § 1132 (g)(2), Two Thousand One Dollar ($2,001.00) for attorney's fees, and Four Hundred Fifty-Four Dollars and Eighty-Five Cents ($454.85) for costs, for a total default judgment of Twenty-Three Thousand Five Hundred Ninety-Seven Dollars and Fifteen Cents ($23,597.15), together with post judgment interest as allowed by law.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   __3rd__   day of April, 2013.